**CORRECTED OPINION**

**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

TOMMY LAWSON, a/k/a Man, a/k/a
Black,

*Defendant-Appellant.*

No. 03-4429

Appeal from the United States District Court
for the District of South Carolina, at Spartanburg.
G. Ross Anderson, Jr., District Judge.
(CR-02-323)

Submitted: November 19, 2003

Decided: December 1, 2003

Corrected Opinion Filed: January 7, 2004

Before WILKINSON and GREGORY, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

Benjamin T. Stepp, Assistant Federal Public Defender, Greenville,
South Carolina, for Appellant. Elizabeth Jean Howard, OFFICE OF

THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Tommy Lawson appeals his conviction, pursuant to a guilty plea, for possession with intent to distribute and distribution of less than five grams of crack cocaine, in violation of 21 U.S.C. § 841(a)(1) (2000), and his 151-month sentence. Counsel has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), raising two potential issues but stating that, in his view, there are no meritorious grounds for appeal. Lawson was advised of his right to file a pro se supplemental brief, but did not do so. We affirm.

Counsel first questions whether the district court properly conducted the plea colloquy pursuant to Fed. R. Crim. P. 11. Counsel correctly notes that the magistrate judge failed to advise Lawson that the court at sentencing could depart from the sentencing range calculated under the Sentencing Guidelines,[1] as required by Rule 11(c)(1);[2] failed to advise Lawson that his answers to questions asked during the plea hearing, if false, could later be used against him in a prosecution for perjury or false statement, as required by Rule 11(c)(5); and failed to specifically inquire into Lawson's competency to enter a plea, as required by Rule 11(d).

Because Lawson did not object to the plea inquiry or seek to with-

---

[1] *U.S. Sentencing Guidelines Manual* (2001).

[2] Rule 11 was amended effective December 1, 2002. The citations refer to the pre-amendment version that was in effect at the time Lawson entered his plea on September 26, 2002.

draw his plea in the district court, we review for plain error. *United States v. Vonn*, 535 U.S. 55, 74-75 (2002); *United States v. Martinez*, 277 F.3d 517, 524-25 (4th Cir.), *cert. denied*, 537 U.S. 899 (2002). We therefore must determine whether (1) there was error; (2) that was plain; (3) that affected Lawson's substantial rights; and (4) if the first three criteria are met, whether we should exercise our discretion to notice the error. *United States v. Olano*, 507 U.S. 725, 732 (1993). Our review of the record convinces us that, although the magistrate judge's failures to inquire as described above constitute error that is plain, the error did not affect Lawson's substantial rights. The magistrate judge specifically inquired into whether Lawson desired to plead guilty and advised him that the decision to plead guilty was his alone. Moreover, our review of the entire record reveals that Lawson meaningfully participated in the proceedings and there is nothing in the record indicating any reason to question his competency or the voluntariness of his plea of guilty.

Next, counsel raises as a potential issue whether the district court properly established the sentencing range and in sentencing Lawson to 151 months of imprisonment. Lawson did not object to the presentence report, thus we review for plain error. Our review of the record leads us to conclude that the district court did not commit plain error in determining that Lawson qualified for sentencing as a career offender under § 4B1.1 of the Guidelines, and correctly determined the applicable sentencing range. To the extent Lawson asserts error in the district court's decision to sentence him to a particular term of imprisonment within the properly calculated Guidelines range, such an exercise of discretion by the district court is not reviewable. *United States v. Porter*, 909 F.2d 789, 794 (4th Cir. 1990).

As required by *Anders*, we have examined the entire record and find no meritorious issues for appeal. Accordingly, we affirm Lawson's conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and

legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*